1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                         DISTRICT OF NEVADA
7                                 * * *
8    TRUSTEES OF THE BRICKLAYERS &          Case No. 2:14-cv-01448-RFB-NJK
     ALLIED CRAFTWORKERS LOCAL 13
     DEFINED CONTRIBUTION PENSION
9    TRUST FOR SOUTHERN NEVADA, *et al.*,          **ORDER**
10                    Plaintiffs,
11          v.
12   G.G. CONSTRUCTION, INC., *et al.*,
13                    Defendants.
14

15      **I.    INTRODUCTION**

16           This is an action brought under the Employee Retirement Income Security Act of 1974

17   ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiffs are various trusts seeking to collect unpaid

18   contributions allegedly owed to them under a collective bargaining agreement and related trust

19   agreements under which Defendant G.G. Construction is obligated to make regular payments for

20   the benefit of its employees. Plaintiffs now move for summary judgment. For the reasons stated

21   below, the Court grants summary judgment in favor of Plaintiffs.

22

23      **II.   BACKGROUND**

24           **A.  Procedural History**

25           Plaintiffs filed their Complaint on September 8, 2014. ECF No. 1. Plaintiffs assert three

26   causes of action in their Complaint: (1) Breach of Written Collective Bargaining Agreements and

27   Related Trust Agreements, (2) Breach of Fiduciary Duty, and (3) Misappropriation of Trust Assets.

28           Defendants G.G. Construction, Inc., Kevin V. Green, and Chris S. Green filed an Answer

on October 15, 2014. ECF No. 6. On November 6 and November 17, 2014, the Court issued two separate Orders to Show Cause why Defendants should not be sanctioned and/or have default judgment entered against them for failure to file a certificate of interested parties. ECF No. 8, 9. On December 5, 2014, following Defendants' filing of a certificate of interested parties, the Court discharged its Order to Show Cause, but cautioned Defendants and their counsel that future non-compliance with Court orders or rules of court will result in significant monetary sanctions and/or case-dispositive sanctions. ECF No. 13.

On December 23, 2014, Defendants filed a Notice of Bankruptcy on the Record as to Defendants Kevin V. Green and Christine S. Green. ECF No. 14. On June 19, 2015, Plaintiffs filed a Notice of Voluntary Dismissal against Kevin and Christine Green. ECF No. 15. The docket does not reflect that these Defendants were ever dismissed from the case. The Court finds that dismissal is appropriate under Fed. R. Civ. P. 41(a)(1)(A), and Kevin V. Green and Chris S. Green are therefore dismissed from this action. Accordingly, G.G. Construction is the only remaining Defendant in this action.

On September 15, 2015, Plaintiffs filed a Motion for Summary Judgment against G.G. Construction. ECF No. 16. G.G. Construction failed to respond to the motion. On October 16, 2015, Plaintiffs filed a Notice of Non-Opposition and a Proposed Findings of Fact and Order. ECF No. 17. The Court held a hearing on the motion on July 7, 2016, at which G.G. Construction failed to appear.

### B.  Effect of G.G. Construction's Failure to Respond

In its Notice of Non-Opposition, Plaintiffs request that the Court grant summary judgment in their favor based on G.G. Construction's failure to respond to Plaintiffs' Motion for Summary Judgment. Plaintiffs cite Local Rule of Practice 7-2(d), which at the time of the filing of the motion stated that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."[1]

---

[1] The Local Rules of Practice for the District of Nevada were revised effective May 1, 2016. The new version of Local Rule 7-2(d) excludes motions under Fed. R. Civ. P. 56 and motions for attorney's fees, which is consistent with the Court's analysis here.

The Court finds, however, that the local rules in this district do not permit the automatic granting of an unopposed motion for summary judgment. "[A] nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. Short of that, we turn the summary judgment rule into a mere sanction for noncompliance with local rules." Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56); see also Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83.").

Nevertheless, an opposing party's failure to respond *does* permit the Court to consider the moving party's assertions of fact as undisputed for purposes of the motion, and to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3); see also Heineman v. Satterberg, 731 F.3d 914, 916-17 (9th Cir. 2013) (discussing the consequences of failing to respond to facts presented in a motion for summary judgment). The Court will therefore treat the facts presented by Plaintiffs, provided they are properly supported with admissible evidence, as undisputed for purposes of this motion.

### C. Undisputed Facts

After reviewing the admissible evidence in the record, the Court finds the following facts to be undisputed. Plaintiffs are trustees of numerous express trusts and one union. The trustees are the Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, the Trustees of the Bricklayers & Allied Craftworkers Local 134 Health Benefits Fund, the Trustees of the Bricklayers & Allied Craftworkers Local 13 Vacation Fund, the Trustees of the Bricklayers & Trowel Trades International Pension Fund, the Trustees of the Bricklayers & Trowel Trades International Health Fund, and the Trustees of the International Masonry Institute (collectively, the "Trust Plaintiffs"). The remaining Plaintiff is the Bricklayers & Allied Craftworks Local 13 Nevada ("Local 13"). The Trust Plaintiffs are trustees of express

trusts created pursuant to formal written Trust Agreements between Local 13 and the Nevada Masonry Employers and the Nevada Tile, Marble, Stone, and Terrazzo Contractors Association.

G.G. Construction entered into a collective bargaining agreement (the "Labor Agreement") with Local 13 on approximately June 15, 2006 as a signatory employer. The trust agreements establishing the trusts represented by the Trust Plaintiffs (the "Trust Agreements") are incorporated into the Labor Agreement. By signing the Labor Agreement, G.G. Construction also accepted the Trust Agreements and became obligated to the terms and provisions of both sets of agreements. Under the Labor Agreement, G.G. Construction is required to submit regular contribution reports and make monthly fringe benefit contributions to Plaintiffs. The Labor Agreement allows Plaintiffs to conduct an audit of G.G. Construction's payroll and other records to ensure compliance with the Labor Agreement and ERISA. The Trust Agreements require payment of interest at a rate of 14% on all unpaid contributions until paid, liquidated damages of 20% of the unpaid contribution amount, and payment of the Trust Plaintiffs' attorney's fees and costs incurred in enforcing payment.

In January 2014, Plaintiffs' auditor completed an audit of G.G. Construction's records from May 1, 2010 through September 30, 2013. The audit report stated that G.G. Construction failed to make all required fringe benefit payments to Plaintiffs during this period. G.G. Construction disputed the initial audit results and provided supporting documentation to refute certain amounts claimed as being owed. After reviewing these documents, the auditor revised the audit claim. Plaintiffs' counsel sent a final demand letter to G.G. Construction on August 18, 2014, requesting payment of amounts due as stated in the revised audit. To date, G.G. Construction has not paid the amounts due as stated in the revised audit, although two third parties (the Whiting-Turner Contracting Company and CNA Surety) have paid their portions of the audit claim. The total amount of unpaid contributions owed by G.G. Construction is $7,845.25.

### III.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering whether
to grant summary judgment, the court views all facts and draws all inferences in the light most
favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th
Cir. 2011). "When the moving party also bears the burden of persuasion at trial, to prevail on
summary judgment it must show that the evidence is so powerful that no reasonable jury would be
free to disbelieve it." Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008).

## IV.    DISCUSSION

In its motion, Plaintiffs contend that G.G. Construction was bound by a collective
bargaining agreement it entered into with Local 13 that obligated it to make monthly fringe benefit
contributions to Plaintiffs and that G.G. Construction failed to make these contributions. Plaintiffs
attached evidence supporting the amount of unpaid contributions owed, the interest that has
accrued on those unpaid contributions, the costs incurred by the auditor, and the attorney's fees
and costs Plaintiffs accrued in litigating this action.

Based upon its review of the evidence submitted, the Court concludes G.G. Construction
was required to make fringe benefit contributions to Plaintiffs, that it failed to do so, and that
Plaintiffs are entitled to recover those unpaid contributions as well as interest, attorney's fees and
costs, and audit costs. The Court finds this amount to be $38,893.31, plus the interest that continues
to accrue from September 14, 2015 onward.

### A.  Applicable Law

"ERISA was enacted to protect, *inter alia*, the interests of participants in employee benefit
plans and their beneficiaries. ERISA applies to any employee benefit plan if it is established or
maintained . . .  by any employer . . .  or . . .  by any employee organization . . .  or by both."
Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999 (9th Cir. 2010) (quoting 29 U.S.C. §§
1001(b), 1003(a)(1)-(3)). Under ERISA, eligible "employee benefit plans" are classified into two
types: employee welfare benefit plans and employee pension benefit plans. 29 U.S.C. § 1002(3).
A plan qualifies as an employee welfare benefit plan under ERISA if it provides medical,

disability, or vacation benefits, or any benefits "other than pensions on retirement or death, and insurance to provide such pensions." Id. § 1002(1). Employee pension benefit plans provide retirement income to employees or defer income until retirement. Id. § 1002(2).

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Id. § 1145. A fiduciary of an ERISA plan is authorized to bring a civil action to obtain equitable relief to redress violations of the Act or "to enforce any provisions of this subchapter or the terms of the plan." Id. § 1132(a)(3). If successful in a Section 1145 enforcement action, the fiduciary may recover damages as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); see also Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989) (ERISA, as amended after 1980, "provide[s] a statutory remedy for a trust fund fiduciary suing to collect unpaid plan contributions.").

### B. Summary Judgment Is Granted in Favor of Plaintiffs for Their First Cause of Action

Based on the evidence presented, the Court finds that the Labor Agreement, which incorporates the Trust Agreements establishing the trusts represented by the Trust Plaintiffs, is a qualifying plan under ERISA. The Court further finds that G.G. Construction was obligated to

make contributions under the terms of the Labor Agreement and related Trust Agreements and that it failed to make such contributions. The Court therefore grants summary judgment in favor of Plaintiffs on their first cause of action for breach of the collective bargaining agreement and related trust agreements. The Court will now assess the damages owed to Plaintiffs.

### 1. Unpaid Contributions

The first category of damages recoverable by Plaintiffs is unpaid contributions. The declaration and audit report from Plaintiffs' auditor demonstrate that G.G. Construction owes **$7,845.25** in unpaid contributions to Plaintiffs.

### 2. Interest on Unpaid Contributions

In addition to unpaid contributions, Plaintiffs are entitled to recover "interest on the unpaid contributions." 29 U.S.C. § 1132(g)(2)(B). Plaintiffs have submitted copies of the applicable agreements demonstrating that interest accrued at a rate of 14% per annum for G.G. Construction's delinquent contributions. Plaintiffs' evidence shows that G.G. Construction owed **$2,939.25** in interest as of September 14, 2015 and that this interest continues to accrue.

### 3. The Greater of Interest or Liquidated Damages

Plaintiffs are also entitled to recover an amount equal to the greater of the interest on unpaid contributions or the "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the [unpaid contributions] determined by the court." 29 U.S.C. § 1132(g)(2)(C). The liquidated damages provision applies "when (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages." Idaho Plumbers, 875 F.2d at 215. Once the liquidated damages provision applies, "liquidated damages are mandatory." Id.

Here, Plaintiffs' evidence shows that G.G. Construction was subject to a plan that provided for liquidated damages of 20% of unpaid contributions. Given that the Court has determined that the unpaid contributions total $7,845.25, the amount of liquidated damages is 20% of that amount, or $1,569.05. Where the interest on the unpaid contributions exceeds any liquidated damages award, however, ERISA requires that the court award an amount equal to the interest on the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). The Court thus awards an amount equal to the interest

on the unpaid contributions as of September 14, 2015, or **$2,939.25**—an amount that will continue to rise as additional interest accrues.

### 4.  Attorney's Fees and Costs

In addition, Plaintiffs are entitled to recover reasonable attorney's fees and costs of the action against G.G. Construction. 29 U.S.C. § 1132(g)(2)(D). After reviewing Plaintiffs' counsel's declaration and supporting documentation, the Court finds the claimed amount of attorney's fees and costs to be reasonable. Attorney's fees and costs are awarded in the amount of **$12,229.36** ($11,528.50 in fees and $700.86 in costs).

### 5.  Audit Costs

Finally, Plaintiffs seek to recover the costs of performing audits of G.G. Construction's financial records. Audit costs are recoverable under ERISA as a type of "other legal or equitable relief." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1343 (9th Cir. 1988); 29 U.S.C. § 1132(g)(2)(E) (where a judgment in favor of the plan is awarded, the court shall award "such other legal or equitable relief as the court deems appropriate" to the plan). Plaintiffs' evidence shows that they incurred audit costs of **$12,940.20** in connection with this action. The Court therefore awards this amount under subsection (g)(2)(E).

## V.    CONCLUSION

For the reasons stated on the record at this hearing,

**IT IS ORDERED** that [16] Motion for Summary Judgment is GRANTED. Summary judgment is granted in favor of Plaintiffs in the amount of $38,893.31, which is comprised of the following amounts:

- $7,845.25 in unpaid contributions;
- $2,939.25 in interest on unpaid contributions as of September 14, 2015, on which additional interest will continue to accrue until paid;
- $2,939.25 as an amount equal to the greater of the interest on unpaid contributions or liquidated damages provided for under the plan, on which additional interest will continue to accrue until paid;

- • $12,229.36 in reasonable attorney's fees and costs of the action, consisting of $11,528.50 in fees and $700.86 in costs; and

- • $12,940.20 in audit costs.

The Clerk of Court is instructed to enter judgment in favor of Plaintiffs for the above amount and close this case.


**DATED**: <u>July 13, 2016</u>.

                                                 _____

**RICHARD F. BOULWARE, II**
**United States District Judge**